NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BILLJCO, LLC,**
*Appellant*

**v.**

**APPLE INC.,**
*Appellee*

---

2023-2188

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2022-00129.

---

Decided: May 16, 2025

---

COURTLAND COLLINSON MERRILL, Saul Ewing Arnstein & Lehr LLP, Minneapolis, MN, argued for appellant. Also represented by JOSEPH KUO, BRIAN MICHALEK,, ELIZABETH A. THOMPSON, Chicago, IL; BRIAN LANDRY, Boston, MA.

JAMES LAWRENCE DAVIS, JR., Ropes & Gray LLP, East Palo Alto, CA, argued for appellee. Also represented by JAMES RICHARD BATCHELDER, CHRISTOPHER M. BONNY; DOUGLAS HALLWARD-DRIEMEIER, Washington, DC; BRIAN LEBOW, CASSANDRA B. ROTH, New York, NY.

————————————

Before CHEN, SCHALL, and STOLL, *Circuit Judges.*

CHEN, *Circuit Judge.*

Apple, Inc. (Apple) filed a petition for *inter partes* review (IPR) alleging that claims 1–3, 8, 20–21, 23–27, 32, 44–45, and 47–48 of U.S. Patent No. 8,566,839 ('839 patent) are unpatentable under 35 U.S.C. § 103 based on four separate obviousness grounds, each including a common reference, Lutnick[1]. The Patent Trial and Appeal Board (Board) instituted IPR and found all challenged claims unpatentable on all asserted grounds. *Apple Inc. v. BillJCo LLC*, No. IPR2022-00129, 2023 WL 5028724 (P.T.A.B. May 18, 2023) (*Decision*). The patent owner, BillJCo, LLC (BillJCo), appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A). We *affirm*.

Claim 1 is representative. In relevant part, claim 1 requires (1) "receiving, by [a] receiving data processing system, an object, said object containing information and instructions for presenting said information," and (2) "a condition for detecting a particular user action by a user of said receiving data processing system." '839 patent at claim 1. BillJCo argues that the Board implicitly and erroneously construed these limitations and that substantial evidence does not support the Board's findings.

First, with respect to the "object" limitation, BillJCo misunderstands the Board's decision. The Board did not find this limitation satisfied by separate transmissions of information and instructions for presenting that information, as BillJCo argues. Rather, the Board agreed with Apple's theory that Lutnick taught a "single," "'self-

————————————

[1]    U.S. Patent App. Pub. No. 2008/0167106 (Lutnick). Lutnick relates to managing the presentation of promotions on "mobile gaming devices," such as in a casino. *See, e.g.*, Lutnick Abstract, ¶¶ 183–84.

contained' object . . . including both the program or software [i.e., instructions] and the promotions [i.e., information]." *Decision*, 2023 WL 5028724, at *3 (citation omitted). To the extent the Board implicitly construed "object" as requiring a single object containing both information and instructions, the Board merely used the construction that BillJCo seeks.

The Board found the "object" limitation satisfied on two alternative bases. The Board initially found that a skilled artisan would understand that Lutnick teaches this limitation. *Id.* at *4 (citing Lutnick ¶¶ 48, 93). BillJCo's opening brief, however, does not meaningfully challenge this finding, and it does not challenge the portions of Lutnick on which the Board relied; indeed, it does not even cite to paragraphs 48 or 93 of Lutnick. *See, e.g.*, *SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1320 (Fed. Cir. 2006) (explaining that a party forfeits undeveloped arguments on appeal). The Board separately found that Apple "present[ed] sufficient evidence that one skilled in the art would have found it obvious to" transmit promotions and instructions together, citing to certain portions of Apple's petition and the report of Apple's expert, Dr. La Porta. *Decision*, 2023 WL 5028724, at *4. Apple's petition argued, for example, that "[t]ransmitting both a program and promotions within a single, self-contained *object*, would have involved a simple combination of known elements in known ways to achieve a predictable result (i.e., a download package that includes both the program and the promotions)." J.A. 137 (citing La Porta Decl. ¶ 89 (J.A. 1231)); *see KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 416 (2007). BillJCo, again, makes no argument to meaningfully challenge this reasoning. Finally, the Board relied on several paragraphs of Lutnick as teaching Lutnick's mobile gaming device "receiving" the claimed object. *See Decision*, 2023 WL 5028724, at *3–4 (citing Lutnick ¶¶ 119, 128, 184, 290). BillJCo's arguments challenging only select portions of the Board's reasoning do not persuade us that the Board's

findings with respect to this limitation are not supported by substantial evidence.

Second, BillJCo argues that the Board implicitly construed the "user action" limitation as "something that *may* result due to an action by a user." Appellant's Br. 16. We disagree. The Board "simply compared the claim to prior art." *Google LLC v. EcoFactor, Inc.*, 92 F.4th 1049, 1055 (Fed. Cir. 2024); *see also Apple Inc. v. Uniloc 2017 LLC*, 843 F. App'x 281, 286–87 (Fed. Cir. 2021) ("[W]e reject [appellant's] attempt to bootstrap its argument into one of claim construction in order to receive de novo review."). The Board found this limitation satisfied by Lutnick's disclosure that "a promotion may be presented to a player *if the player has achieved* a winning outcome," which "indicates that the promotion is triggered by the user's action, not just a response by the mobile gaming device." *Decision*, 2023 WL 5028724, at *4 (quoting Lutnick ¶ 250). The Board reasonably found that the player achieving a winning outcome teaches the claimed "user action."

Finally, the Board "reviewed [BillJCo's] arguments and evidence regarding objective evidence of non-obviousness and . . . [did] not find them persuasive enough to outweigh [Apple's] evidence that the challenged claims would have been obvious." *Id.* at *6. For the same reasons explained in a companion case also decided today by this panel with respect to two other of BillJCo's patents, we are unpersuaded that substantial evidence does not support the Board's findings concerning BillJCo's secondary considerations evidence with respect to the '839 patent. *See BillJCo, LLC v. Apple Inc.*, Nos. 23-2189, 23-2190, slip op. at 6–8 (Fed. Cir. May 16, 2025).

## CONCLUSION

We have considered BillJCo's remaining arguments and find them unpersuasive. Accordingly, we *affirm* the Board's decision.

**AFFIRMED**